STEVEN G. KALAR
Federal Public Defender
Northern District of California
SEVERA KEITH
Assistant Federal Public Defender
8th Floor - Suite 820
55 South Market Street
San Jose, CA 95113
Telephone:   (408) 291-7753
Facsimile:   (408) 291-7399
Email:         Severa_Keith@fd.org

Counsel for Defendant Hougen

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No.:** CR 20–00432 EJD/VKD |
| Plaintiff, | **DEFENDANT'S OBJECTION AND RESPONSE TO THE UNITED STATES' MOTION FOR EXCLUSION OF TIME** |
| v. | |
| OLE  HOUGEN, | |
| Defendant. | |

On November 19, 2020, Defendant Ole Hougen, through counsel, objected to the government's request for an exclusion of time and asserted his right to a speedy trial.  As such, the government was on notice that day that it should inform its witnesses of the anticipated trial dates and make all plans to be ready for trial within 70 days of the indictment.

The case at hand presents the issue of whether Ole Hougen, a homeless man in Santa Cruz, California, who was panhandling on a median, committed a hate crime when he allegedly used racial epithets during a fight with the complaining witness, who is another homeless man.  The fight started

DEFENDANT'S OPP. TO MTN EXCLUDE TIME
*HOUGEN*, CR 20–00432 EJD/VKD

1

1  when the complaining witness refused to sell Mr. Hougen $2.00 worth of marijuana, because he would

2  not make a profit from such a small transaction.  The government has interviewed the complaining

3  witness, and at least three witnesses to the incident.  The government has interviewed individuals who

4  claim that they had similar altercations with Mr. Hougen in the past, as well as witnesses to these

5  incidents.  In short, the facts are not complicated, the witnesses are known, and appear to be available

6
   to the government.  No reason set forth by the government merits an exclusion of time under the

7  Speedy Trial Act.

8
        At the hearing on November 19, 2020, the government, in support of its request for an

9
   exclusion of time, stated that the government had served two rounds of discovery on the defense, that

10
   both parties will need to prepare for trial if "heading for a trial setting," and that it will need to assess

11
   availability of witnesses for trial in the upcoming months.   In its Motion, filed at Dkt. 17, the

12
   government reiterated that an excluding of time was warranted because it needed to complete

13
   investigation of relevant conduct, possible further discovery production, research of potential pretrial

14

15  motions, and again, to determine availability of its attorneys, witnesses, and government agents.  (Id. at

16  2)  None of these reasons provides a basis for the Court to make a finding an exclusion of time.

17
>      The STA "imposes strict specificity requirements" on these findings. *United States v.*

18 >    *Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). "[T]he 'ends of justice' exclusion . . . may
   >    not be invoked in such a way as to circumvent the time limitations set forth in the

19 >    [Speedy Trial] Act." *U.S. v. Clymer*, 25 F.3d 824, 829 (9th Cir. 1994). The ends-of-
   >    justice provision "is not a general exclusion for every delay, and any continuance

20 >    granted under it must be based on specific underlying factual circumstances." *U.S. v.*
   >    *Martin*, 742 F.2d 512, 514 (9th Cir. 1984). Judges are not entitled "to rely on the

21 >    unverified claims" of the party seeking a continuance. *Id.* at 1270. Nor may they
   >    conclude that one of the Section 3161(h)(7)(B) factors justify a continuance without

22 >    tethering that conclusion to case-specific considerations. *U.S. v. Perez-Reveles*, 715
   >    F.2d 1348, 1352 (9th Cir. 1983) ("Although the complexity of the case is a permissible

23 >    factor . . . the mere conclusion that the case is complex is insufficient.").

24
25
    *United States v. Smith*, 460 F. Supp. 3d 981 (E.D. Cal. May 19, 2020).

26
        On the current record, there are no grounds for an exclusion of time.  Here, the government has

27

28  stated that preparations will require a lot of work and time, which will include investigation and legal

DEFENDANT'S OPP. TO MTN EXCLUDE TIME
*HOUGEN*, CR 20–00432 EJD/VKD

1   research, and that it is currently unknown whether witnesses will be available.  Without tethering these

2   concerns to specific facts of the case, there is no basis to exclude time.  Even with specificity, these

3   reasons do not automatically result in exclusions of time under the Speedy Trial Act.  As stated before,

4   Santa Cruz police officers and government agents have already interviewed percipient witnesses and

5   witnesses related to alleged prior acts of Mr. Hougen. They have collected many reports and other

6   

7   documents pertaining to these priors.  Additionally, this is not an unusual case, simply because this

8   district does not prosecute many cases as hate crimes.  This case is essentially an aggravated assault, in

9   which the government must also prove a *mens rea* beyond a reasonable doubt.  The facts of this case

10  are not complicated as indicated above.  While there may be litigation regarding whether priors can be

11  admitted as evidence, the government has not identified any complex or novel issues that intends to

12  

13  pursue in pretrial litigation.  The government may be able to obtain an exclusion of time from the

14  Speedy Trial Act, if problems that it seems to anticipate, such as witness unavailability, arise and the

15  specific circumstances merit an exclusion.  Here, where only possibilities and tasks are mentioned, the

16  Court should not grant the government's motion.

17          Finally, the fact that the government has filed a its Motion for Exclusion of Time, Dkt. 17, is

18  not a basis for an exclusion of time under the Speedy Trial Act, because the delay it may cause is not

19  "resulting from any pretrial motion." 18 U.S.C. § 3161(h)(1)(D).  "[I]n the ordinary case all pretrial

20  delay that coincides with the pendency of a motion will occur as a result of that motion [] because the

21  

22  district court will ordinarily hold off the trial date until it decides the motion." *United States v. Clymer*,

23  25 F.3d 824, 830 (9th Cir. 1994); *see also United States v. Lewis*, 349 F.3d 1116, 1121 (9th Cir. 2003)

24  ("where it is clear that the delay in the trial caused the delay in the hearing, rather than the other way

25  around, and where the defendant repeatedly asked the court to set the case for trial and was otherwise

26  ready to proceed to trial, the government's pending (and relatively unimportant) pretrial motion" could

27  

28  not serve as basis to exclude time).

1       Defendant Hougen will make his first appearance in District Court on December 14, 2020.  If,

2   by then, the government provides specific information that merits an exclusion of time, the District

3   Court can issue such an order.  Mr. Hougen, through counsel, respectfully requests that the court deny

4   the government's Motion for exclusion of time.

5

6

7       Dated:      November 30, 2020                    Respectfully submitted,

8                                                        STEVEN G. KALAR
                                                         Federal Public Defender
9                                                        Northern District of California

10                                                                  /S
                                                         _____
11                                                       SEVERA KEITH
                                                         Assistant Federal Public Defender

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S OPP. TO MTN EXCLUDE TIME
*HOUGEN*, CR 20–00432 EJD/VKD

4