UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>OLE HOUGEN,<br>Defendant. | Case No. 20-cr-00432-EJD-1   (VKD)<br><br>**ORDER DENYING WITHOUT PREJUDICE THE UNITED STATES' MOTION FOR EXCLUSION OF TIME**<br><br>Re: Dkt. No. 17 |

On November 19, 2020, defendant Ole Hougen was arraigned on a felony indictment for alleged commission of a hate crime in violation of 18 U.S.C. § 249(a)(1). Dkt. No. 14. The undersigned set a first appearance before the assigned district judge, the Honorable Edward J. Davila, for February 22, 2021, the first date available on Judge Davila's calendar. Thereafter, Assistant U.S. Attorney Marissa Harris made an oral motion on behalf of the United States for an exclusion of time between November 19, 2020 to February 22, 2021 for purposes of calculating time for the commencement of trial under the Speedy Trial Act. *Id.* Assistant Federal Public Defender Severa Keith opposed the motion on behalf of Mr. Hougen. *Id.* The Court requested briefing on an expedited schedule, which was discussed with the parties at the time of the arraignment. Dkt. No. 16.

The Court denies the United States' motion to exclude time without prejudice.

**I.   BACKGROUND**

On November 25, 2020, the United States filed a written motion for exclusion of time for the effective preparation of government counsel and for the continuity of government counsel, taking into account the exercise of due diligence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and

1  (B)(iv). Dkt. No. 17. The United States argues that federal hate crime prosecutions are unusual in
2  this district and that this prosecution will require "precise legal analysis and careful pretrial
3  litigation in order for the government to properly present its case at trial." *Id.* at 4. Specifically,
4  the United States notes that it will need time to conduct additional factual investigation, including
5  interviewing witnesses and gathering official records, concerning the incident charged in the
6  indictment as well as Mr. Hougen's past conduct involving racially motivated acts of violence. *Id.*
7  In addition, the United States points out that any trial setting will need to take into account the
8  availability of multiple witnesses and agents, as well as the availability of counsel, given
9  scheduling delays and burdens attributable to restrictions related to the COVID-19 pandemic. *Id.*
10 In these circumstances, the United States argues in the alternative, that an exclusion of time is also
11 warranted to prevent a miscarriage of justice pursuant to 18 U.S.C. § 3161(h)(7)(B)(i). *Id.* at 4–5.

12  Mr. Hougen did not file a written response to the United States' motion by the date
13 specified in the scheduling order. On November 30, 2020, Mr. Hougen filed a response in which
14 he argues that this case is not particularly unusual or complex and that the United States' motion
15 does not provide any specific justification for an exclusion of time, but relies on generic and
16 speculative assertions about additional fact investigation that may be required and the potential
17 unavailability of witnesses. Dkt. No. 18. Mr. Hougen also argues that his first appearance before
18 Judge Davila will be on December 14, 2020, and that the decision regarding whether to exclude
19 time may be considered at that time. *Id.* at 4; *see also* Dkt. No. 20.

20 **II.   DISCUSSION**

21  The Speedy Trial Act provides that the trial of an indicted defendant must commence
22 within 70 days from date of the indictment. 18 U.S.C. § 3161(c)(1). Certain periods of time are
23 excludable from 70-day time limit. These periods of excludable time include the time required
24 defense counsel or government counsel to effectively prepare for trial, if the ends of justice served
25 by continuing the trial date outweigh the best interest of the public and the defendant in a speedy
26 trial. *See* 18 U.S.C. § 3161(h)(7)(A).

27  Mr. Hougen and the public certainly have an interest in the speedy commencement of trial
28 of this matter. The Court is reluctant to consider Mr. Hougen's belated submission. However, it

is difficult for the Court to conclude on the present record that excluding the time between November 19, 2020 and February 22, 2021 serves the ends of justice.  The United States may be correct that the case presents unusual legal challenges and requires additional factual investigation and coordination of witnesses that cannot be completed in time for trial to be set within 70 days of indictment, but the motion does not provide sufficient detail for the Court to determine that a 95-day exclusion of time, or even some lesser exclusion, is warranted to accommodate the United States' concerns.

As the United States observes, to the extent trial cannot be set within 70 days due to the impact of public health restrictions on the availability of witnesses, counsel, jurors, and/or the Court's own calendar, an exclusion of time may well serve the ends of justice and outweigh the best interest of the public and Mr. Hougen in a speedy trial.  Indeed, it may be impossible for a trial to be set within the 70-day limit in the current circumstances, and a failure to grant a continuance may, as the United States argues, result in a miscarriage of justice.  However, these matters are best left for Judge Davila's consideration.

The United States asserts that it will be prepared to set a trial date at the parties' first appearance before Judge Davila.  Dkt. No. 17 at 4.  Mr. Hougen's first appearance before Judge Davila has been advanced to December 14, 2020.  Dkt. No. 20.  In these circumstances, the question of whether the time between November 19, 2020 and December 14, 2020 (or some later date) should be excluded is best addressed by Judge Davila.

## III. CONCLUSION

For the reasons explained above, the Court denies without prejudice the United States' motion to exclude time between November 19, 2020 and February 22, 2021.

**IT IS SO ORDERED.**

Dated: November 30, 2020



VIRGINIA K. DEMARCHI
United States Magistrate Judge

3