GEOFFREY HANSEN
Acting Federal Public Defender
SEVERA KEITH
Assistant Federal Public Defender
55 S. Market Street, Suite 820
San Jose, CA  95113
(408) 291-7753
(408) 291-7399
Severa_Keith@fd.org

Counsel for Defendant OLE HOUGEN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>   v.<br><br>OLE HOUGEN,<br><br>                        Defendant. | **Case No.** CR 20–00432 EJD<br><br>**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**<br><br>Pretrial Conference: March 22, 2021<br>Trial Date: March 30, 2021<br><br>**Honorable Edward J. Davila** |

        Defendant Ole Hougen, by and through his counsel, submits the following proposed jury

instructions. Pursuant to Federal Rule of Criminal Procedure 30, Mr. Hougen requests the Court

to instruct the jury on the law as set forth below.  Mr. Hougen reserves the right to submit any

limiting instructions, based upon the Court's evidentiary rulings at the pretrial conference or at

trial.

\\\

\\\

\\\

DEF'S PROPOSED JURY INSTRUCTIONS

CR 20-00432 EJD

1

1  Mr. Hougen also reserves the right to submit any additional proposed instructions, including his

2  theory of the defense instructions, at the close of evidence.

3

4                                                  Respectfully submitted,

5

6   Dated: March 12, 2021                          GEOFFREY HANSEN
                                                    Acting Federal Public Defender

7                                                          /S/

8                                                   _____
                                                    SEVERA KEITH
9                                                   Assistant Federal Public Defender

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
    DEF'S PROPOSED JURY INSTRUCTIONS
28
    CR 20-00432 EJD

                                        2

1

**INTRODUCTION**

2      Mr. Hougen requests that the indictment not be sent to the jury room.  *See* Ninth Circuit

3  Jury Procedure Manual, § 4.6 ("the Committee believes that great caution should be exercised in

4  providing the jury with the indictment since it is frequently cast in highly prejudicial language.")

5  ("The trial judge has wide discretion as to whether the jury should be provided with a copy of the

6  indictment for use during jury deliberations.").

7

8      Mr. Hougen requests the following preliminary Ninth Circuit Model Instructions (2010

9  edition):

10             1.1    Duty of Jury (as modified, Proposed Instruction 2)

11             1.2    The Presumption of Innocence (as modified, Proposed Instruction 3)

12             1.3    What Is Evidence

13             1.4    What Is Not Evidence

14             2.11   Evidence for Limited Purpose

15             1.5    Direct and Circumstantial Evidence

16             1.6    Ruling on Objections

17             1.7    Credibility of Witnesses (as modified, Proposed Instruction 4)

18             1.8    Conduct of the Jury

19             1.9    No Transcripts Available to Jury

20             1.10   Taking Notes

21             1.11   Outline of Trial

22             3.2    Charge Against Defendant Not Evidence – Presumption of Innocence –

23                    Burden of Proof (to be read after reading of indictment at beginning of

24                    trial, if indictment is read, and at the close of trial).

25

26

27
DEF'S PROPOSED JURY INSTRUCTIONS

28
CR 20-00432 EJD

Mr. Hougen requests the following Ninth Circuit Model Instructions during the trial:

2.1     Cautionary Instruction--First Recess

2.2     Stipulated Testimony (if applicable)

2.3     Stipulations of Fact (if applicable)

2.4     Judicial Notice (if applicable)

2.6     Transcript of Recording in English

2.10    Other Crimes, Wrongs or Acts of Defendant

2.12    Evidence for Limited Purpose

Mr. Hougen requests the following Ninth Circuit Model Instructions at the conclusion of the trial:

3.1     Duties of Jury to Find Facts and Follow Law

3.2     Charge Against Defendant Not Evidence--Presumption of Innocence--Burden of Proof

3.3     Defendant's Decision Not to Testify

3.4     Defendant's Decision to Testify

3.5     Reasonable Doubt—Defined (as modified, Proposed Instruction 5)

3.6     What Is Evidence

3.7     What Is Not Evidence

3.8     Direct and Circumstantial Evidence

3.9     Credibility of Witnesses

3.10    Activities Not Charged (if applicable)

4.1     Statements by Defendant (if applicable)

4.3     Other Crimes, Wrongs or Acts of Defendant (if applicable)

4.4     Character of Defendant (if applicable)

DEF'S PROPOSED JURY INSTRUCTIONS

CR 20-00432 EJD

4

| | | |
|---|---|---|
| 1 | 4.5 | Character of Victim |
| 2 | 4.6 | Impeachment, Prior Conviction of Defendant |
| 3 | 4.7 | Character of Witness for Truthfulness (if applicable) |
| 4 | 4.8 | Impeachment Evidence - Witness (if applicable) |
| 5 | 4.13 | Missing Witness (if applicable) |
| 6 | 4.14 | Opinion Evidence, Expert Witness |
| 7 | 5.4 | Specific Intent |
| 8 | 5.5 | Willfully |
| 9 | 6.8 | Self-Defense |
| 10 | 7.1 | Duty to Deliberate |
| 11 | 7.2 | Consideration of Evidence - Conduct of the Jury |
| 12 | 7.3 | Use of Notes |
| 13 | 7.6 | Communication with Court. The defense objects to any *non-structural* |

note sent by the jury being read to counsel during trial, before

deliberations.  Specifically, the defense will object to any questions during

trial asking for factual clarification or further elaboration on any factual

issue.  The defense has no objection to jury notes during the trial, and

before deliberations, relating to the structure of the trial and jury – such as

a sleeping juror, or attorney contact with a juror.  The defense also has no

objection to counsel being made aware of jury notes *during deliberations*.

In addition, Mr. Hougen proposes additional instructions below and will propose

additional instructions at the conclusion of evidence.

DEF'S PROPOSED JURY INSTRUCTIONS

CR 20-00432 EJD

1   **DEFENSE PROPOSED INSTRUCTION NO. 1**

2       (Preliminary instruction to be given to the entire panel before jury selection)

3

4       It is important that you discharge your duties without discrimination, meaning that bias

5   regarding the race, color, religious beliefs, national origin, sexual orientation, gender identity, or

6   gender of Mr. Hougen, any witnesses, and the lawyers should play no part in the exercise of your

7   judgment throughout the trial.

8       Accordingly, during this voir dire and jury selection process, the lawyers and I may ask

9   questions or use demonstrative aids related to the issues of bias and unconscious bias

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   *Given* ___

25   *Rejected* ___

26   *Given, As Modified* ____

27   DEF'S PROPOSED JURY INSTRUCTIONS

28   CR 20-00432 EJD

**DEFENSE PROPOSED INSTRUCTION NO. 2**

**Duty Of Jury** (Preliminary instruction to be given before opening statements)


Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed [written] instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

In addition, please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

NINTH CIRCUIT MODEL JURY INSTRUCTION 1.1 (2010) (Modified)

*Given* ___

*Rejected* ___

*Given, As Modified* ____

DEF'S PROPOSED JURY INSTRUCTIONS

CR 20-00432 EJD

**DEFENSE PROPOSED INSTRUCTION NO. 3**

**<u>Presumption of Innocence</u>**

This is a criminal case brought by the United States government. The government charges Mr. Hougen with Hate crime acts, in violation of 18 U.S.C. § 249.  The indictment is simply the description of the charge made by the government against Mr. Hougen; it is not evidence of anything.

Mr. Hougen has pleaded not guilty to the charge and is presumed innocent unless and until proved guilty beyond a reasonable doubt.  Mr. Hougen has the right to remain silent and never has to prove innocence or present any evidence.  The government always carries the burden of proof beyond a reasonable doubt

In order to prove that Mr. Mr. Hougen is guilty of these offenses, the government must prove each element of the offense beyond a reasonable doubt.

NINTH CIRCUIT MODEL JURY INSTRUCTION 1.2

*Given* ___

*Rejected* ___

*Given, As Modified* ____

DEF'S PROPOSED JURY INSTRUCTIONS

CR 20-00432 EJD

8

**DEFENSE PROPOSED INSTRUCTION NO. 4**

**<u>Credibility of Witnesses</u>**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.


You must avoid bias, conscious or unconscious, based on the witness's race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

NINTH CIRCUIT MODEL JURY INSTRUCTION 1.7 (modified)


*Given* ___

*Rejected* ___

*Given, As Modified* ____



DEF'S PROPOSED JURY INSTRUCTIONS

CR 20-00432 EJD

9

1

**DEFENSE PROPOSED INSTRUCTION NO. 5**

2

<u>**Defendant's Choice Not to Testify or Present Evidence**</u>

3

The defendant did not testify (or present evidence) in this case.  In a criminal case, a

4

defendant has a constitutional right not to testify or to present any evidence.  The burden of proof

5

remains with the government throughout the entire trial and never shifts to the defendant.  The

6

defendant is never required to prove that he is innocent.  You must not attach any significance to the

7

fact that the defendant did not testify.  You must not draw any adverse inference against him because

8

he did not take the witness stand.  Do not consider, for any reason at all, the fact that he did not

9

testify.  Do not discuss that fact during your deliberations or let it influence your decision in any way.

10

11

12

NINTH CIRCUIT MODEL JURY INSTRUCTION 3.3 (2010) (Modified); *United States v. Castaneda*, 94 F.3d 592, 596 (9th Cir. 1996); *Carter v. Kentucky*, 450 U.S. 288 (1981); *Shults v. Whitley*, 982 F.2d 361 (9th Cir. 1992);

13

14

15

16

17

18

19

20

21

22

23

*Given* ___

24

*Rejected* ___

25

*Given, As Modified* ____

26

27

DEF'S PROPOSED JURY INSTRUCTIONS

28

CR 20-00432 EJD

10

**DEFENSE PROPOSED INSTRUCTION NO. 6**

**<u>Defendant's Testimony</u>**

The defendant has testified. You should treat his testimony just as you would the testimony of any other witness.  You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.


NINTH CIRCUIT MODEL JURY INSTRUCTION 3.4 (2010)(modified)

*Given* ___

*Rejected* ___

*Given, As Modified* ____
DEF'S PROPOSED JURY INSTRUCTIONS

CR 20-00432 EJD

**DEFENSE PROPOSED INSTRUCTION NO. 7**

**Presumption of Innocence/Reasonable Doubt**

You are instructed that you must presume Mr. Hougen to be innocent of the crimes charged. Thus Mr. Hougen, although accused of a crime in the indictment, begins the trial with a "clean slate"-with no evidence against him. The indictment, as you already know, is not evidence of any kind. Mr. Hougen is not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against Mr. Hougen. The presumption of innocence alone, therefore, is sufficient for you to find Mr. Hougen not guilty.

The burden is always on the government to prove guilt beyond a reasonable doubt. The burden never shifts to Mr. Hougen, for the law never imposes upon the Defendant in a criminal case the burden or duty of calling any witnesses, producing any evidence, or taking the stand to testify. Mr. Hougen is not even obligated to produce any evidence by cross-examining the witness for the government.

It is required that the government prove guilt beyond a reasonable doubt. A reasonable doubt is doubt based upon reason and common sense-the kind of doubt that would make a reasonable person hesitate to act. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced Mr. Hougen is guilty.

Unless the government proves, beyond a reasonable doubt, that Mr. Hougen has committed each and every element of the offense charged in the indictment, you must find Mr. Hougen not guilty of the offense. If the jury views the evidence in the case as permitting either of two conclusions-one of innocence, and the other guilty-the jury must, of course adopt the conclusion of innocence.

DEF'S PROPOSED JURY INSTRUCTIONS

CR 20-00432 EJD

12

1       The Ninth Circuit has expressly approved a reasonable doubt instruction that informs the

2   jury that the jury must be "firmly convinced" of the defendant's guilt.  *United States v.*

3   *Velasquez*, 980 F.2d 1275, 1278 (9th Cir. 1992); *Victor v. Nebraska*, 511 U.S. 1, 5 (1994); *see*

4   *also Lisenbee v. Henry*, 166 F.3d 997, 999 (9th Cir. 1999).

5

6   NINTH CIRCUIT MODEL JURY INSTRUCTION 3.5 (2010).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   *Given* ___

25   *Rejected* ___

26   *Given, As Modified* ____

27   DEF'S PROPOSED JURY INSTRUCTIONS

28   CR 20-00432 EJD

**DEFENSE PROPOSED INSTRUCTION NO. 8**

**Duty Of Jury** (to be given during closing instructions)

I want to remind you about your duties as jurors. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decision.

NINTH CIRCUIT MODEL JURY INSTRUCTION 1.1 (2010) (Modified)

*Given* ___

*Rejected* ___

*Given, As Modified* ____

DEF'S PROPOSED JURY INSTRUCTIONS

CR 20-00432 EJD

14

**DEFENSE PROPOSED INSTRUCTION NO. 9**

**Count 1 – Elements 18 U.S.C. § 249**

Count 1 of the Indictment charges Ole Hougen of violating federal law by willfully causing

bodily injury to S.B. because of his actual or perceived race or color.  For you to find Mr.

Hougen guilty of this crime, you must find that the government has proven each and every one of

the following elements beyond a reasonable doubt:

> First, that the Defendant willfully caused bodily injury to S.B.;

> Second, that the Defendant acted because of the actual or perceived race or color of S.B.;

> Third, that defendant would not have acted absent, or "but for," the defendant's prejudice

> against the actual or perceived race or color of S.B.;

> If you are convinced that the government has proved all of these elements beyond a

reasonable doubt, say so by returning a guilty verdict on this charge. If you have a reasonable

doubt about any one of these elements, then you must find the defendant not guilty of this

charge.

**Authority:**

*United States v. Mullet*, No. 5:11-cr-594, at 12-13 (Aug. 13, 2012) (setting forth format of
instruction), *rev'd on other grounds sub nom. United States v. Miller*, 767 F.3d 585, 591-95 (6th
Cir. 2014), *certiorari denied*, 137 S. Ct. 1065.

18 U.S.C. § 249(a) and (c) (defining crime).

*Given* ___

*Rejected* ___

*Given, As Modified* ____

DEF'S PROPOSED JURY INSTRUCTIONS

CR 20-00432 EJD

15

**DEFENSE PROPOSED INSTRUCTION NO. 10**

**Count 1 – Definitions 18 U.S.C. § 249**

This instruction provides important definitions related to the elements of Count 1.

The term "willfully" means the defendant acted voluntarily and intentionally and with the specific intent to do something which the law forbids, that is to say, with bad purpose either to disobey or disregard the law.

The term "bodily injury" is defined as a cut, abrasion, bruise, burn, disfigurement, physical pain, illness, impairment of the function of a bodily member, organ, or mental faculty, or any other injury to the body, no matter how temporary. However, "bodily injury" does not include solely emotional or psychological harm.

The phrase "because of" the actual or perceived race or color of  S.B.means the government must prove that in the absence of (i.e. but for) S.B.'s actual or perceived sexual orientation, the defendant would not have caused bodily injury to him. That is, S.B's actual or perceived race or color was the reason the defendant decided to act. If the defendant was partially motivated by prejudice, or even significantly motivated by prejudice, but still would have committed the act absent S.B.'s actual or perceived race or color, the defendant cannot be found guilty.

**Authority:**

*Glenn v. Holder*, 690 F.3d 417, 422 (6th Cir. 2012) (defining "willful" under 18 U.S.C. § 249); *see also* 1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 17.05 (6th ed. 2011) (defining the term "willfully," to describe the alleged state of mind of the defendant, means that they knowingly performed an act, deliberately and intentionally as contrasted with accidentally,carelessly, or unintentionally).

18 U.S.C. § 1365(h)(4) (defining "bodily injury"); *see also* 18 U.S.C. § 249, Rules of Construction § 3 (requiring "physical violence").

DEF'S PROPOSED JURY INSTRUCTIONS

CR 20-00432 EJD

16

1   *United States v. Miller*, 767 F.3d 585, 591-95 (6th Cir. 2014), *certiorari denied*, 137 S. Ct. 1065
2   (requiring a "but-for" causation); *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 176 (2009)
    (interpreting "because of" to require a "but-for causal relationship").

3   *Burrage v. United States*, 134 S.Ct. 881 (2014).

24   *Given* ___

25   *Rejected* ___

26   *Given, As Modified* ____

27   DEF'S PROPOSED JURY INSTRUCTIONS

28   CR 20-00432 EJD