GEOFFREY HANSEN
Acting Federal Public Defender
Northern District of California
SEVERA KEITH
Assistant Federal Public Defender
55 South Market Street, Suite 820
San Jose, CA 95113
Telephone: (408) 291-7753
Facsimile: (408) 291-7399
Email: Severa_Keith@fd.org

Counsel for Defendant HOUGEN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

OLE HOUGEN,

Defendant.

Case No. CR 19–00382 EJD

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE 404(B) EVIDENCE**

Pretrial Conf.: March 22, 2021

Trial: March 30, 2021

**INTRODUCTION**

The government gave notice of its intent to present evidence in its case-in-chief of Mr. Hougen's prior conviction as follows: 1) August 2014 misdemeanor conviction for brandishing a knife at an African-American man in Petaluma, California; 2) April 2018 felony malicious harassment and misdemeanor assault and harassment charges in Klikitat County, Washington; and 3) December 2018 conviction for four misdemeanors in Redding, California, related to violation of civil rights, criminal threats, obstructing an officer, and battery.

Even if this evidence is relevant and admissible, exclusion of the evidence is appropriate under

Rule 403, because of its overly prejudicial and misleading nature.

## ARGUMENT

### I. The Court Should Exclude Any Evidence of Mr. Hougen's prior convictions

Evidence of other acts is subject to the strictures imposed by Rule 404(b) of the Federal Rules of Evidence. *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987). Rule 404(b) protects against the danger that the jury will either punish the defendant for offenses other than those charged, or convict the defendant when unsure of guilt because it is convinced that the defendant has a propensity to engage in illegal activity. *United States v. Brown*, 880 F.2d 1012, 1014 (9th Cir. 1989).

The first sentence of Rule 404(b) restates the traditional view that evidence of other crimes or other acts is admissible only when the proffered evidence is relevant to a material issue in the case, other than the defendant's criminal character. *See United States v. McKoy*, 771 F.2d 1207, 1213 (9th Cir. 1985); *see also United States v. Bailleaux*, 685 F.2d 1105, 1109 (9th Cir. 1982).

The second sentence of the rule permits introduction of such evidence when offered "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). The Ninth Circuit does not look upon such evidence with favor. *See United States v. Hodges*, 770 F.2d 1475, 1479 (9th Cir. 1985). While the Ninth Circuit has adopted an inclusory approach to Rule 404(b), no presumption will be afforded as to the relevance or admissibility of other acts evidence. *McKoy*, 771 F.2d at 1214; *United States v. Rocha*, 553 F.2d 615, 616 (9th Cir. 1977).

The Ninth Circuit has made clear that such evidence is generally disfavored, especially in criminal cases. The Ninth Circuit has repeatedly explained that the limitations in Rule 404(b) are "designed to avoid a danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced that the defendant is a bad man deserving of punishment." *United States v. Hill,* 953 F.2d 452, 457 (9th Cir. 1991) (citations and internal quotation marks omitted); *see also United States v. Mayans,* 17 F.3d 1174, 1181 (9th Cir. 1994) (noting that the reluctance to sanction the use of other acts evidence "stems from the underlying premise of our criminal system, that the defendant must be tried for what he did, not for who he is").

Due to the danger that the jury will be swayed to convict a defendant based upon uncharged conduct, the Ninth Circuit has mandated that "the use of such evidence must be narrowly circumscribed and limited." *Bailleux,* 685 F.2d at 1109; *see Mayans,* 17 F.3d at 1181 ("[E]xtrinsic acts evidence is not looked upon with favor.").

The government has noticed that it intends to introduce the noticed incidents for purposes of proving motive and intent.

If the proffered evidence meets these four requirements, the government must also demonstrate that the evidence satisfies Federal Rule of Evidence 403. *See United States v. Curtin*, 489 F.3d 935, 958 (9th Cir. 2007)(quoting with approval *United States v. Merriweather*, 78 F.3d 1070, 1076-77 (6th Cir. 1996)); *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993). Rule 403 authorizes the exclusion of relevant evidence when "its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. It cannot meet this burden in the instant case.

In this case, allowing the government to present evidence of Mr. Hougen's prior acts would be both overly prejudicial and misleading. If the jury is informed that Mr. Hougen has already been convicted of a crime, it will, understandably, be more likely to conclude that he is guilty of the current offense, as well. Nor is this an instance in which the resulting prejudice from such information would be outweighed by the probative nature of the prior conviction. Rather than shedding light on the current charges, information about Mr. Hougen's prior conviction and arrest will only prejudice the jury. The unavoidable message to the jury is that because Mr. Hougen previously committed a crime that involved an altercation with a black man, and a knife was involved, that he is guilty of the current charges. It will be nearly impossible for the defense to overcome this overly prejudicial implication. Therefore, the Court should exclude the prior convictions and arrests to avoid unfair prejudice and confusion of the issues. The fact that the government intends to introduce three such convictions renders them cumulative.

Furthermore, the defense believes that some of the victims in those cases have prior convictions that could be used to impeach their testimony. This presents the specter of having a "trial within a trial,

further confusing the jury.

Many of the items that the government intends to admit our only inflammatory and not probative of any issue in the instant trial.

For example, the charged case involved no significant injury, if any injury at all. The government intends to introduce into evidence the photos of the victim's bleeding face that occurred during a fistfight in Redding, California. The only purpose of showing any victim photos would be to inflame the jury and to create the implication that Mr. Hougen is a violent man. There is nothing about the extremely minor injury alleged in this case, which is a tiny abrasion on the victims ear, that makes the wounds in the Redding case relevant. Because there are no issues of identity or modus operandi with respect to the alleged injury in this case, there is no reason that photos of the Redding victim's injuries are relevant.

With respect to the incident that occurred in Washington State, on an Amtrak train, the government intends to offer into evidence that Mr. Hougen called the victims girlfriend a, "Nigger lover." This will only inflame the passions of the jury. The woman at issue is a white woman, who was not a victim in the matter. Additionally, because Mr. Hougen allegedly used other racial slurs towards the victim and that matter, the statements that Mr. Hougen allegedly made to the victim's girlfriend are cumulative, if relevant at all.

The only prior incident in which Mr. Hougen had a knife, was an incident that occurred in Petaluma, California in 2014. Not only is this incident cumulative, but any effort or plan on the part of the government to introduce physical evidence, such as the knife, in this case is unduly prejudicial and would further confuse the issues for the jury.

Furthermore, none of the documentary evidence regarding these convictions should be admitted at trial, because they are overly prejudicial, cumulative, and will mislead and confuse jury regarding the actual issues in this case. The defense does not contest that Mr. Hougen was convicted for these offenses. There is nothing in any of the court documents that relates to the one reason that these incidents could be relevant at all, which would be to prove the mens rea in the instant offense.

For example, the court documents from the County of Klickitat County, Washington, are nine pages long and include information that is not relevant to the instant case. Moreover, it will do nothing

but inflame the jury, reminding them that Mr. Hougen has a felony conviction.

The documents from Shasta County, California, where the Redding incident occurred, include the criminal complaint against Mr. Hogan. Once again this includes information that he was charged with a felony as well as the charges and brief descriptions of each charge. The court minutes and judgment paperwork do nothing but inform the jury that Mr. Hougen was arrested on felony charges, even though he was eventually convicted of misdemeanors on misdemeanor charges. Even worse, the last two pages of the seven pages produced, contain an otherwise inadmissible police report of the incident. Clearly, none of this information is anything but, "overly prejudicial, cumulative, and will mislead and confuse jury regarding the actual issues in this case." Clearly these materials are not admissible for any purpose.

The Petaluma, California report is no better, containing five pages of criminal charges, reminders that Mr. Hougen was in jail, and details of his conviction. All the Court documents must be excluded, as they fail to meet the standards of either Rule 404(b) or 403.

**CONCLUSION**

For the reasons set forth above, the Court should deny the government's request to introduce evidence under Rule 40(b). If the court permits the government to present 404(b) evidence at all, it must limit the scope of this evidence such that it not does not violate the strictures of rule 403.

Dated March 16, 2021

GEOFFREY HANSEN
Acting Federal Public Defender
Northern District of California

/S
SEVERA KEITH
Assistant Federal Public Defender